IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTINA MCKINNON, | ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT ) |
| BM TECHNOLOGIES, INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual against Defendant for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and common law conversion and negligence.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Kristina McKinnon is an adult individual residing in the state of Florida.

5. Defendant BM Technologies, Inc. ("BMTX") is a business entity that regularly conducts business within the Eastern District of Pennsylvania, and which has a principal place of business located at 201 King of Prussia Rd Suite 650, Radnor, PA 19087.

### FACTUAL ALLEGATIONS

6. Defendant BMTX is a banking institution which provides checking accounts exclusively to students who attend universities that partner with BMTX.

7. Plaintiff is a customer of, and has consistently utilized, BMTX's banking services since at least March of 2020.

8. During the time that Plaintiff made use of BMTX's banking services, BMTX has made numerous representations regarding the security of its banking systems.

9. Upon information and belief, in or around September 2025, Plaintiff's BankMobile Checking Account ("BankMobile Account") with BMTX was compromised.

10. On or around September 29, 2025, the login and personal information for the BankMobile Account was changed without Plaintiff's knowledge or permission.

11. On that same day, funds from Plaintiff's BankMobile Account were disbursed to an unknown third-party Chase Bank account.

12. This transaction appears on Plaintiff's BMTX bank statement as having originated on September 29, 2025, and totals $5,569.12.

13. Plaintiff did not authorize this transaction.

14. Plaintiff did not benefit from this transaction.

15. BMTX's security systems did not flag the unauthorized transaction nor attempt to stop it, despite the sudden and immediately precedent change to Plaintiff's account information.

16. After Plaintiff was notified of the change to her account information, she immediately called BMTX within the hour.

17. BMTX told Plaintiff that it would freeze the funds and conduct an investigation, and BMTX froze Plaintiff's account at that time.

18. Notwithstanding its representations to the contrary, BMTX allowed the funds to be disbursed to the third-party Chase Bank account, and Chase Bank accepted this disbursement on or around September 30, 2025.

19. On October 16, 2025, BMTX closed Plaintiff's dispute.

20. Despite Plaintiff's timely report, BMTX refused to reimburse Plaintiff for the unauthorized transaction.

21. In response to Plaintiff's dispute, BMTX inaccurately concluded that Plaintiff authorized the transaction and closed the dispute.

22. Upon information and belief, BMTX did not even provide provisional credit to Plaintiff during the time it took to investigate Plaintiff's dispute.

23. As a result of BMTX's conduct, Plaintiff has suffered significant financial damages, additional actual damages, and consequential damages.

24. At all times pertinent hereto, BMTX was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## ELECTRONIC FUND TRANSFER ACT ("EFTA")

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant was a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

29. At all times pertinent hereto, the above unauthorized transaction was an "electronic fund transfer" as that term is defined by 15 U.S.C. § 1693a(7) and an "unauthorized electronic fund transfer" as that term is defined by 15 U.S.C. § 1693a(12).

30. Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiff for numerous and multiple violations of EFTA.

31. As a result of Defendant's conduct detailed more fully above, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages as well as attorney's fees and costs.

## COUNT II
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is a "person" as that term is defined by 73 Pa. Stat. § 201-2(2).

34. Plaintiff is a "person" as that term is used in 73 Pa. Stat. § 201-2(2).

35. Plaintiff opened her bank account and signed a customer agreement with Defendant for personal purposes as that term is used in 73 Pa. Stat. § 201-9.2

36. Defendant's actions described above were "trade" and "commerce" as those terms are defined by 73 Pa. Stat. § 201-2(3)

37. As detailed above, Defendant engaged in "unfair or deceptive acts and practices" as that term is defined by 73 Pa. Stat. § 201-2(4).

38. Defendant, by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, including but not limited to the following:

   a. Failing to have in place procedures to prevent clearly fraudulent electronic transfers;

   b. Failing to expeditiously investigate and stop reportedly fraudulent electronic transfers;

   c. Making false representations about the security of its electronic banking;

   d. Making false representations about the freezing of Plaintiff's funds;

  e. Allowing fraudulent transactions to be made from Plaintiff's banking account to an unauthorized third party; and

  f. Imposing the cost of the fraudulent transactions on Plaintiff.

39. Defendant's acts and omissions detailed herein violate 73 Pa. Stat. § 201-3(a).

40. Plaintiff suffered an ascertainable loss of money by the fraudulent transfers and transactions made by an unauthorized third party as described herein.

41. As a financial institution, Defendant knew or should have known prior to entering into an agreement with Plaintiff the laws governing its relationship with Plaintiff.

42. The routine business practices of Defendant, subject to this claim, disregarded the laws governing its relationship with Plaintiff.

43. No reasonable person would assume that an institution like Defendant would violate the laws governing its activities.

44. Plaintiff justifiably relied on Defendant's acts and omissions by believing that it would take swift action in response to transfers and transactions that it knew or should have known to be fraudulent, and she continued to follow Defendant's directions and instructions as further evidence of that reasonable reliance.

45. As a result, Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, along with the ascertainable loss described above.

46. As a result of the above violations of the UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory and actual damages, and attorney's fees and costs.

## COUNT III
## CONVERSION

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Plaintiff had a right to possession of the money that belonged to her in her BankMobile Account.

5

49. Defendant, through its actions detailed above, has interfered with and deprived Plaintiff of her right to possess her property.

50. Defendant did not have consent to interfere with Plaintiff's right of possession.

51. Defendant had no lawful justification in interfering with Plaintiff's right of possession.

52. Defendant's actions in interfering with Plaintiff's right of possession were willful, malicious, and indicative of a wanton disregard for Plaintiff's rights.

53. As a result, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## COUNT IV
## NEGLIGENCE

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. Defendant owed Plaintiff a duty to protect Plaintiff's BankMobile Account from fraudulent activity.

56. Defendant is liable to Plaintiff for damages caused by its breach of its duty to protect Plaintiff's BankMobile Account from fraudulent activity.

57. Defendant breached its duty by allowing the fraudulent activity to occur without intervention.

58. As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## JURY TRIAL DEMANDED

59. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Reasonable attorneys' fees and costs;

(f) Interest; and

(g) Such other and further relief as may be necessary, just and proper.

                              Respectfully Submitted,

                              **FRANCIS MAILMAN SOUMILAS, PC**

BY:    */s/ Mark D. Mailman*
               Mark D. Mailman, Esquire
               Joseph L. Gentilcore, Esquire
               William J, Cooper, Esquire
               1600 Market Street, Suite 2510
               Philadelphia, PA 19103
               T: (215) 735-8600
               F: (215) 940-8000
               mmailman@consumerlawfirm.com
               jgentilcore@consumerlawfirm.com
               wcooper@consumerlawfirm.com

               *Attorneys for Plaintiff*

Dated: March 13, 2026